UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-21502-GAYLES

ALBERTO SOLER-SOMOHANO,

        Plaintiff,

v.

THE COCA-COLA COMPANY, et al.,

        Defendants,

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Alberto Soler-Somohano, appearing *pro se*, filed this action on April 8, 2020 [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 4]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the Complaint, the Court must apply the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

Plaintiff begins his Complaint by generally stating that he seeks a declaration that his registration and use of certain domain names were lawful under the Lanham Act and that he did not act in bad faith under the Anticybersquatting Consumer Protection Act. However, after this first general statement, Plaintiff's Complaint ceases to make any sense and is anything but a "short and plain statement" showing Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Some paragraphs in the Complaint are numbered and others are not. Plaintiff appears to have cut and pasted several sections from other documents into each Count. Moreover, a large portion of Plaintiff's allegations discuss Defendant Coca-Cola's alleged use of cocaine in its products—allegations that have no discernable connection to Plaintiff's claims.

Plaintiff's Complaint is "a 'shotgun pleading' —one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *LaCroix v. Western Dist. of Kentucky*, 627 F. App'x 816, 818 (11th Cir. 2015) (quoting *Anderson v. Dist. Bd. Of Trs. Of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). Plaintiff "fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim

rests." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 663 (11th Cir. 2019). Therefore, the Complaint fails to state a claim and must be dismissed. Accordingly, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** pursuant to Section 1915(e)(2)(B)(ii).   This action is **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of April, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE